```
UNITED STATES DISTRICT COURT              NOT FOR ELECTRONIC
EASTERN DISTRICT OF NEW YORK              OR PRINT PUBLICATION
----------------------------------------X
MICHAEL MURPHY,

                        Petitioner,       MEMORANDUM
         -against-                         AND ORDER
                                           10-CV-5551 (RJD)
RIKERS ISLAND, 84TH PRECINCT,
77TH PRECINCT, ACS/CHILD PROTECTIVE
SERVICES, MS. MERCHADO,
MS. TAMEKA DOZIER, and NYCPD,

                        Respondents.
----------------------------------------X
```

DEARIE, Chief Judge:

By petition dated November 22, 2010, *pro se* petitioner Michael Murphy, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set forth below, determined that the court lacks jurisdiction over this petition.

Title 28 of the United States Code, Section 2254, authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a). Maleng, 490 U.S. at 492.

Here, petitioner challenges a conviction entered in Kings County on May 3, 1999 for sexual abuse in the first degree and other crimes. He was sentenced to an indeterminate term of 3 to 6 years

imprisonment. See Petition at 1. He was discharged on March 3, 2006, upon the full expiration of his sentence. See N.Y. Department of Correctional Services, Inmate Information, http://nysdocslookup.docs.state.ny.us. Accordingly, at the time petitioner filed this petition, he was not in custody pursuant to that judgment.

As petitioner fails to satisfy the "in custody" requirement, this court lacks jurisdiction over the pending petition. The instant petition for a writ of habeas corpus is therefore denied. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
January 7, 2011